IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO MELENDEZ,<br>          Petitioner,<br>    v.<br>COMMONWEALTH OF<br>PENNYSYLVANIA, et al.,<br>          Respondents. | CIVIL ACTION<br><br>No. 17-289 |

# O R D E R

**AND NOW**, this 16th day of May, 2017, having considered the Petition for Writ of *Habeas Corpus* filed by Petitioner Julio Melendez (Docket No. 1) and United States Magistrate Judge Thomas J. Rueter's Report & Recommendation (Docket No. 3) it is hereby **ORDERED** that:

1. The Report & Recommendation is **APPROVED** and **ADOPTED**.[1]

2. The Petition for Writ of *Habeas Corpus* (Docket No. 1) is **DISMISSED**.

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[1] Mr. Melendez did not file objections to Judge Reuter's Report & Recommendation. Judge Reuter recommends dismissal in part based upon the Commonwealth's decision to withdraw the charges against Mr. Melendez and close the case. While the charges were withdrawn before Judge Reuter issued his Report & Recommendation, it now appears that the Commonwealth has reasserted the claims against Mr. Melendez. Mr. Melendez's habeas petition, however, was based upon delays in the months leading up to date upon which he filed his petition, not the substance of the criminal charges themselves. Regardless, the Court agrees with Judge Reuter that Mr. Melendez has failed to exhaust his claims in state court, requiring dismissal.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with Judge Reuter that there is no probable cause to issue such a certificate in this action.